UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| KHALID EL SHADDAI, | ) | |
| | ) | |
| Plaintiff, | ) | 2:24-CV-00186-DCLC-CRW |
| | ) | |
| v. | ) | |
| | ) | |
| NATIONSTAR MORTGAGE, LLC, et. al, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Proceeding pro se, Plaintiff brings several claims against Defendants based on his central allegation that he never personally received payment of his mortgage loan used to purchase the home where he currently resides. Defendant USAA Federal Savings Bank ("USAA FSB") moved to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and for failure to state a claim under Fed. R. Civ. P. 12(b)(6) [Doc. 17]. Defendant Freedom Mortgage Corporation ("Freedom Mortgage") filed a motion for judgment on the pleadings [Doc. 31]. Plaintiff filed responses in opposition. [Docs. 21, 34, 37]. Because this Court lacks subject matter jurisdiction, USAA FSB's motion to dismiss under Rule 12(b)(1) [Doc. 17] is **GRANTED**. USAA FSB's motion under Rule 12(b)(6) [Doc. 17] and Freedom Mortgage's motion [Doc. 31] are **DENIED** as moot, and this case is **DISMISSED**.

I. BACKGROUND

In his Complaint, Plaintiff represents he is a "Noble of the Al Moroccan Empire (North America) In Propria Per Sona (My Own Proper Self) being Moorish American - a Descendent of the Ancient Moabites / Moors, by Birthrites, Bloodrites, Freehold, Primegentiture, and Inheritance; being Aboriginal and Indigenous to the Land /s (Amexm / Americas) Territorim of my Ancient

Moabite / Moorish Fore-Mothers and Fore-Fathers – to wit." [Doc. 1, ¶ 1]. Plaintiff claims this Court has diversity jurisdiction under 28 U.S.C. § 1332 and federal question jurisdiction under 28 U.S.C. § 1331 "as this action arises under the laws and treaties of the United States, specifically the Treaty of Peace and Friendship between the United States and Morocco, signed on September 16, 1836." [Doc. 1, ¶ 5].

Plaintiff applied for and received a $260,000.00 mortgage loan from USAA FSB to purchase his residence at 1606 East Millard Street, Johnson City, Tennessee 37601. [Doc. 1, ¶ 1; Doc. 17-1, pgs. 4, 18]. Plaintiff executed a promissory note[1] and Deed of Trust[2] on April 8, 2024 (the "Deed of Trust") [Doc. 17-1, pgs. 3, 15]. His loan servicer, Freedom Mortgage, notified Plaintiff that his first payment was due on June 1, 2024. [Doc. 1, ¶¶ 12, 17]. The Deed of Trust contains the same property address that Plaintiff represents is his current residence. *See* [Docs. 1, ¶ 1; 17-1, pg. 4]. And, this property address is "the same property conveyed to Khalid El Shaddai from JW Asher Enterprises, LLC by Warranty Deed dated 4/8/2024." [Doc. 17-1, pg. 18]. The Deed of Trust provides that "[t]he Note or a partial interest in the Note (together with this Security Interest) can be sold one or more times without prior notice to Borrower" and "[a] sale might result in a change in the entity (known as the 'Loan Servicer') that collects Periodic Payments due under

---

[1] The Deed of Trust Plaintiff executed acknowledges that the "Note" referenced in the Deed of Trust is the "promissory note signed by [Plaintiff] and dated April 8, 2024. The Note states that [Plaintiff] owes Lender TWO HUNDRED SIXTY THOUSAND and NO/100 Dollars (U.S. $260,000.00) plus interest. [Plaintiff] has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than May 01, 2054." [Doc. 17-1, pg. 3] (emphasis in original).

[2] This Court may take notice of and rely on the Deed of Trust included with USAA FSB's motion to dismiss [Doc. 17-1] because it is public record, and it forms the central basis of Plaintiff's claims. *See Ashland, Inc. v. Oppenheimer & Co.*, 648 F.3d 461, 467 (6th Cir. 2011) ("In addition to the allegations in the complaint, [we] may also consider other materials that are integral to the complaint, are public records, or are otherwise appropriate for the taking of judicial notice.") (citations omitted).

the [Deed]." [Doc. 17-1, pg. 12].

Although Plaintiff received a warranty deed to his current residence, he alleges that he "did not receive the disbursement of the $260,000.00 loan amount as promised," and instead of making any payments per the note, he demanded USAA FSB and Freedom Mortgage extinguish his mortgage debt. [Doc. 1, ¶¶ 11, 14, 18-22]. Despite the Deed of Trust stating the "Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower," [Doc. 17-1, pg. 12] Plaintiff claims that "at no time did [he] consent to the transfer of the mortgage servicing rights to a third party." [Doc. 1, ¶ 13]. In a letter to USAA FSB, Plaintiff gave USAA FSB "ten calendar days from receipt of the counter-demand to respond fully; otherwise, the Plaintiff would consider the matter closed and all claims and assessments as void ab initio." [Doc. 1, ¶ 19]. When USAA FSB did not respond to Plaintiff's demand letter, he sent another letter "requesting the production of the $260,000.00 check." [Doc. 1, ¶ 20]. As a result of Plaintiff's failure to make any payments on his mortgage loan, Plaintiff states that the "alleged debt was reported to the National Credit Union, resulting in the Plaintiff suffering loss and damages, including reputational harm, both financial and otherwise." [Doc. 1, ¶ 23].

Plaintiff brings claims against Defendants for breach of contract, breach of the implied covenant of good faith and fair dealing, fraudulent misrepresentation, violation of the Fair Credit Reporting Act ("FCRA"), violation of "FTC regulations," negligence, and conversion. [Doc. 1, ¶¶ 25-60]. These motions followed.

## II. LEGAL STANDARD

Federal district courts are courts of limited jurisdiction and may only hear a case when diversity of citizenship exists between the parties, or when the case raises a federal question. *See, e.g.*, *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). A court may, sua

3

sponte or upon the motion of a party, dismiss a complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) when "the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479–80 (6th Cir. 1999) ("When a district court is faced with a complaint that appears to be frivolous or unsubstantial in nature, dismissal under Rule 12(b)(1) (as opposed to Rule 12(b)(6)) is appropriate in only the rarest of circumstances where, as in the present case, the complaint is deemed totally implausible.").

### III. ANALYSIS

USAA FSB moved to dismiss this Complaint for lack of subject matter jurisdiction because Plaintiff's claims are frivolous [Doc. 17]. USSA FSB notes that while Plaintiff claims not to have received his mortgage loan, he agreed in the Deed of Trust that he did, and he now lives at the property secured by his mortgage loan.

The Court begins with federal question subject matter jurisdiction. Pursuant to 28 U.S.C. § 1331, federal question jurisdiction is properly invoked if a plaintiff "pleads a colorable claim arising under the Constitution or laws of the United States." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006). At the same time, a claim is not colorable if it is "wholly insubstantial and frivolous." *Arbaugh*, 546 U.S. at 513 n. 10 (internal citations omitted).

Plaintiff's allegations are nonsensical. Plaintiff borrowed money to purchase the home in which he currently resides. He signed a Deed of Trust, acknowledging that he was borrowing $260,000.00, secured by the residence. But rather than paying on the mortgage loan, he demands USAA FSB to extinguish the debt, and now demands a $260,000.00 check for the mortgage loan he received to purchase the home he currently lives in. These allegations resemble the pseudo-

legal tactics commonly used by those in the sovereign citizen movement.[3] Plaintiff believes he can evade his mortgage debt by ignoring the existence of the Deed of Trust. This is evidenced by Plaintiff's allegations that he "did not execute any 'Note' acknowledging an obligation to repay," [Doc. 1 ¶ 16] "did not receive the disbursement of the $260,000.00 loan amount as promised," [Doc. 1, ¶ 11] and his subsequent demand letter to USAA FSB "requesting the production of the $260,000.00 check" [Doc. 1, ¶ 20]. But Plaintiff's allegations are refuted under the Deed of Trust he executed. [Doc. 17-1, pg. 15]. Plaintiff claims that he did not "consent to the transfer of the mortgage servicing rights to a third party," [Doc. 1, ¶ 13] but the Deed of Trust he signed provides specifically for a sale of the Note. [Doc. 17-1, pg. 12]. Plaintiff's claims that Defendants breached their obligations under the FCRA are similarly frivolous because USAA FSB reported the existence of Plaintiff's mortgage debt to the National Credit Union when Plaintiff failed to make his payments. *See* [Doc. 1, ¶ 24].

Dismissal is appropriate here under Rule 12(b)(1) as Plaintiffs allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple*, 183 F.3d at 479. There are many other reasons the Court could consider in dismissing the Complaint on its merits, as USAA FSB and Freedom Mortgage recognized in their dispositive motions [Docs. 17, 31], but the Court need not provide an in-depth analysis on those grounds because Plaintiff's allegations are frivolous on their face and his Complaint must be

---

[3] Although Plaintiff does not appear to specifically identify himself as a "sovereign citizen," the Complaint and his many filings bear all the signs of the sovereign citizen theory. *See, e.g.*, *KB Maddox El v. Scharf*, No. 23-10990, 2023 WL 3587538, at *1–2 (E.D. Mich. May 22, 2023) (collecting cases). For example, Plaintiff states he is a "Noble of the Al Moroccan Empire … being Moorish American," and claims federal jurisdiction under the "[t]he Treaty of Peace and Friendship between the United States and Morocco, signed on September 16, 1836." He contends that this treaty "provides that the United States is entitled to exercise jurisdiction in disputes involving citizens or proteges of the United States" and "Moors are listed as 'proteges' and therefore are protected persons under the jurisdiction of the United States." [Doc. 1, ¶ 7].

dismissed for lack of subject matter jurisdiction. *See Powell v. Michigan*, No. 22-10816, 2023 WL 2154954, at *2 (E.D. Mich. Jan. 24, 2023), *report and recommendation adopted*, No. 22-10816, 2023 WL 2145490 (E.D. Mich. Feb. 21, 2023) ("[C]ourts dismiss complaints by sovereign citizens without extended argument as patently frivolous.") (citations omitted).

The Court will now address Plaintiff's claim that this Court has diversity jurisdiction over this matter. Federal district courts have diversity jurisdiction pursuant to 28 U.S.C. § 1332 when (1) no plaintiff and defendant are citizens of the same state and (2) the amount in controversy exceeds $75,000. *See, e.g.*, *Cleveland Hous. Renewal Project v. Deutsche Bank Tr. Co.*, 621 F.3d 554, 559 (6th Cir. 2010). The Court need not address whether Plaintiff has adequately pled the first requirement because Plaintiff cannot meet the second.

When courts consider whether the amount in controversy exceeds $75,000.00 pursuant to 28 U.S.C. § 1332, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *Kovacs v. Chesley*, 406 F.3d 393, 395 (6th Cir. 2005) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)). "But if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount," the case must be dismissed for lack of subject matter jurisdiction. *St. Paul Mercury Indem., Co.*, 303 U.S. at 289.

As explained, Plaintiff's central claim that he did not receive disbursement of his mortgage loan is frivolous and cannot have been made in good faith given the existence of the Deed of Trust and Plaintiff's acknowledgment that he borrowed $260,000.00 to purchase the residence in which he lives. *See Kennebrew v. PNC Bank*, No. 1:25-CV-13, 2025 WL 801169, at *2 (E.D. Tenn. Mar. 13, 2025) ("Plaintiff's claim is the opposite of good faith. Her belief that she can erase debt with

the Bill of Exchange—a 'worthless piece of paper'—is total nonsense. … Because Plaintiff's complaint is entirely frivolous, she cannot satisfy the amount in controversy requirement necessary to establish diversity jurisdiction."). It is apparent to the Court that by bringing this matter, Plaintiff believes he can extinguish his mortgage debt, receive an award of $260,000.00 in damages, and maintain ownership of the property secured by the Deed of Trust – actions of which are clearly not based. It is a legal certainty that Plaintiff cannot recover any sum of money on these claims, therefore subject matter jurisdiction is lacking, and Plaintiff's case must be dismissed as to all Defendants.

Because the Court finds it does not have subject matter jurisdiction over this dispute, the Court need not address Freedom Mortgage's motion for judgment on the pleadings. Accordingly, Freedom Mortgage's pending dispositive motion [Doc. 31] is denied as moot. *See Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990) (finding a Rule 12(b)(6) motion is moot when the Court dismisses a complaint for lack of subject matter jurisdiction under Rule 12(b)(1)).

IV. CONCLUSION

For all these reasons, USAA FSB's motion to dismiss under Fed. R. Civ. P. 12(b)(1) [Doc. 17] is **GRANTED.** USAA FSB's motion under Fed. R. Civ. P. 12(b)(6) and Freedom Mortgage's motion [Doc. 31] are **DENIED AS MOOT.** This case is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. The Clerk is **DIRECTED** to close the case.

**SO ORDERED:**

s/ Clifton L. Corker<br>
United States District Judge